UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUCHETTS

| | |
|---|---|
| GEMINI FISHING, INC.,  )<br>                Plaintiff,  )<br>                                )<br>v.                              )<br>                                )<br>UNITED STATES DEPARTMENT OF  )<br>HOMELAND SECURITY; ALEJANDRO )<br>MAYORKAS, in his capacity as Secretary )<br>of United States Department of Homeland )<br>Security; UNITED STATES COAST )<br>GUARD, and  AMY M. BEACH, in her )<br>capacity as Director of Inspections and )<br>Compliance, National Vessel )<br>Documentation Center for the United States )<br>Coast Guard,                    )<br>                Defendants.    ) | C.A. No.  1:24-cv-12536-WGY |

## PLAINTIFF'S MOTION TO ALLOW REMOTE TESTIMONY OF NON-PARTY WITNESSES

Plaintiff, Gemini Fishing, Inc. ("Gemini"), moves pursuant to Fed. R. Civ. P. 43(a) to permit one (or possibly two) non-party witness(es) to testify by remote means during the evidentiary hearing scheduled to commence on December 3, 2024.

The evidentiary hearing will focus primarily on industry standards and practices developed regarding U.S. Coast Guard application and interpretation of the term "new vessel" as set forth in 46 C.F.R. § 67.3.  Plaintiff's principal, Gregory Kulpinsky, and two non-party witnesses (Garrett Norton and Mike Collyer) are prepared to testify in person in Botson.  A fourth witness Kevin McLaughlin is attempting to coordinate his schedule to testify in person.  But, there is a chance that Mr. McLauglin may need to testify remotely.  With the Court's approval, Plaintiff would like to have the right to call Mr. McLauglin remotely (if necessary) and have the ability to call one other witness, Mark Maloney, to testify remotely to offer relevant industry testimony remotely.

1

Pursuant to Rule 43(a), "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  Remote testimony is warranted in the circumstances of this case.

Mr. Maloney is a resident of Louisiana.  He would be expected to testify on the basis of his decades of experience working in the marine industry on the Gulf Coast from Louisiana to Florida.  He is personally familiar with re-build of the F/V VELARIS and he is expected to testify as to his experience and knowledge regarding boat yards serving the fishing industry using / re-using parts of aging and/or obsolete vessels as the foundation for rebuilt vessels which retain their original date of construction and not being categorized as a "new vessel."  As a non-party who resides in Louisiana and who is expected to be available in Alabama and Louisiana for work, he could not be subpoenaed to appear in this Court, Gemini lacks the power to command Mr. Maloney's presence.  However, Mr. Maloney has agreed to voluntarily testify by remote means.

Kevin McLaughlin is the president of Fairhaven Shipyard, where the F/V VELARIS re-build project was completed.  Mr. McLoughlin is attempting to participate at the Hearing in person.  But, there is some chance that he may need to testify remotely.  Mr. McLaughlin would be expected to testify on the basis of his decades of experience in the shipyard industry and about Fairhaven Shipyard's work on the F/V VELARIS and local industry practices whereby sections of keels of older vessels are stored and maintained by shipyards to facilitate fishing vessel re-build projects with grandfathered rights allowing major projects to proceed without resulting in a "new vessel."  Mr. McLaughlin is a Massachusetts resident.  But, he was out of state for work and personal matters during Thanksgiving week and it is not clear that he will be in Massachusetts on Tuesday to appear in Court to testify.  For that reason, Gemini respectfully requests that (if necessary) Mr.

#17646372v1

McLoughlin be permitted to testify remotely, but only if he is unable to attend Court in person on the day of the Hearing.

As further support, Plaintiff states that this case is being conducted on an expedited basis. Thus, it is not feasible for Gemini to obtain deposition testimony prior to the hearing date so that transcripts of former testimony of unavailable witnesses could be submitted pursuant to Fed. R. Evid. R. 804(b).

The testimony of Mr. Maloney and Mr. McLaughlin will assist the Court in its evaluation of issues of importance to this dispute. If permitted to testify remotely, Gemini will coordinate with the Clerk's office to ensure that "appropriate safeguards" will be implemented to allow for the smooth presentation of remote testimony.

## CONCLUSION

For the reasons set forth herein, Gemini respectfully that submit that there is "good cause in compelling circumstances" and "appropriate safeguards" to allow for remote testimony by Mr. Maloney and, if necessary, Mr. McLaughlin.

Dated:  November 29, 2024

Respectfully submitted,

Gemini Fishing, Inc.,
by its Attorneys,

/s/ John A. Markey, Jr.
John A. Markey, Jr.
Markey and Walsh
50 Homers Wharf
New Bedford, MA 02740
(508) 993-9711
(508) 993-0469

3

#17646372v1

/s/ Michael J. Daly
/s/ Stanley F. Pupecki
Michael J. Daly, Esq., (BBO 655838)
Stanley F. Pupecki, Esq., (BBO 655842)
PIERCE ATWOOD LLP
One Citizens Plaza, 10th Floor
Providence, RI  02903
(401) 490-3400
(401) 588-5166 (fax)
spupecki@pierceatwood.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was electronically filed with the clerk of the court on November 29, 2024, and that is available for viewing and downloading from the Court's ECF system.  All counsel of record have been served by electronic means.

/s/ Michael J. Daly

#17646372v1