UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEMINI FISHING, INC., *Plaintiff*, v. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., *Defendants*. | Case No. 1:24-cv-12536-WGY |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO ALLOW REMOTE TESTIMONY OF NON-PARTY WITNESSES**

Plaintiff, Gemini Fishing, Inc. moves to have one, or possibly two, of its five proposed witnesses testify remotely about "industry standards and practices" at the four-hour evidentiary hearing on December 3, 2024. Pl.'s Mot., ECF 23 at 1, citing Fed. R. Civ. P. 43(a). The United States declined to consent to remote testimony because Plaintiff failed to show sufficient cause. According to Plaintiff, one of the witnesses, Mark Maloney, is a resident of Louisiana who is "expected to be available in Alabama or Louisiana for work." *Id.* at 2. The other witness, Kevin McLaughlin, is the President of Fairhaven Shipyard—a business 60 miles from the Court—who went on personal travel out of Massachusetts for Thanksgiving week and may or may not be available in person. *Id.*

Plaintiff has not shown good cause or compelling circumstances for permitting remote testimony by either of these witnesses. Fed. R. Civ. P. 43(a). Nothing in Rule 43(a) suggests that remote testimony is justified merely because appearing in federal court is inconvenient for a witness who would have to travel from another state or might have other plans that day. Plaintiff has not explained why Mr. Maloney cannot appear in person apart from his distance from the

courthouse and, similarly, has given no concrete reason why Mr. McLaughlin would be unavailable. *See generally* Fed. R. Civ. P. 43(a) Advisory Committee Note to 1996 Amendment (re: a mere showing of inconvenience is insufficient).

The United States further objects to Mr. Maloney's and/or Mr. McLaughlin's remote (or in-person) testimony because it would be duplicative and/or cumulative, especially within the constraints of a four-hour hearing. Per its motion, Plaintiff already plans to call two industry witnesses—Garrett Norton and Mike Collyer—in person on December 3. Mr. Norton is a naval architect who designed the vessel at issue in this case and has designed and built several other commercial fishing vessels at Fairhaven Shipyard.[1] With this background, Mr. Norton's testimony will likely address the industry practice in Fairhaven, Massachusetts without the need for duplicative testimony by Mr. McLaughlin.

Mr. Collyer is the President and Principal Marine Surveyor of Marine Safety Consultants, Inc., which conducts vessel condition surveys among other maritime consulting services. Mr. Collyer's background on the consulting business's "meet our team" web page shows that additional testimony by Mr. Maloney would be cumulative and/or duplicative—especially because Mr. Maloney works for Mr. Collyer as an apprentice marine surveyor.[2]

Finally, the United States objects to Plaintiff's intent to present evidence and testimony not relevant to any of the factors for assessing a request for a preliminary injunction nor to the merits of this Administrative Procedure Act challenge. Specifically, alleged evidence on "industry standards and practices developed regarding U.S. Coast Guard application and interpretation of the term 'new vessel' as set forth in 46 C.F.R. § 67.3," Pl.'s Mot., ECF 23 at 1, does not go to the

---

[1] *See, e.g.*, https://farrellandnorton.com/cg-keane/; https://farrellandnorton.com/the-madelyn/; https://farrellandnorton.com/the-vigilance/.
[2] *Id.*

preliminary injunction factors, nor the merits of APA challenge, which is a review of whether the cancellation of the Velaris's certificate of documentation was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law based on the administrative record before the Coast Guard. 5 U.S.C. § 706(2)(A); *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *City of Taunton, Mass. v. United States Env't Prot. Agency*, 895 (1st Cir. 2018). During the underlying administrative process, the Coast Guard afforded Plaintiff the opportunity to present this matter to it. In particular, on June 7, 2024, the Coast Guard informed Plaintiff that "we have determined that additional information related to the build/rebuild is required." Letter of Director Washburn to Plaintiff, ECF 16-6 at 1. Director Washburn asked for a written description of the extent to which additional materials from the F/V Michigan were used in the construction of Velaris; accurate sketches, blueprints, or photos showing these materials; the disposition of Michigan and any photos outlining its current state; and a full set of specifications and drawings related to the build of Velaris. *Id*. at 1. Plaintiff did not respond to this request for information and never provided such information to the specialists at the Coast Guard who were reviewing the matter.

Plaintiff's attempt to present the testimony of non-party witnesses who are "personally familiar" with the design and construction of the Velaris at this stage, when Plaintiff declined to respond to the Coast Guard's requests for additional information, runs counter to the record review process of the APA. *See Nantucket Residents Against Turbines v. U.S. Bureau of Ocean Energy Mgmt.*, 100 F.4th 1, 18 (1st Cir. 2024) (under the Administrative Procedure Act, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court") (quoting *Camp*, 411 U.S. at 142).

DATED: December 1, 2024

JOSHUA S. LEVY
*Acting United States Attorney*

RAYFORD FARQUHAR
*Deputy Civil Chief*

Respectfully Submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*
Civil Division

*/s/ Guyer S. Bogen*
JILL DAHLMANN ROSA
*Senior Trial Attorney* (DC Bar No. 451578)
GUYER S. BOGEN
*Trial Attorney* (WA Bar No. 53452)
United States Department of Justice
Torts Branch, Civil Division
Aviation, Space, and Admiralty Litigation
P.O. Box 14271
Washington, D.C. 20044-4271
202-598-9074 | Jill. Rosa @usdoj.gov
202-765-5086 | Guyer.S.Bogen@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

DATED: December 1, 2024.

*/s/ Guyer S. Bogen*
GUYER S. BOGEN
Trial Attorney (WA Bar No. 53452)